UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 22-20086
Honorable Victoria A. Roberts
Honorable Anthony P. Patti

KENNETH MOSS, JR.,

Defendant.
_____/

**ORDER DENYING DEFENDANT'S
MOTION TO REVOKE ORDER OF PRETRIAL DETENTION
[ECF No. 30]**

I.  **INTRODUCTION**

Before the Court is Kenneth Moss Jr.'s Motion to Revoke Magistrate Judge Anthony Patti's Order of Pretrial Detention [ECF No. 30]. A hearing on his motion is unnecessary.

The Court **DENIES** Moss's motion.

II.  **BACKGROUND**

Moss is charged by Indictment with two Felon in Possession of a Firearm counts; one count of Felon in Possession of Ammunition; and one count of Possession with Intent to Distribute a Controlled Substance (Crack Cocaine).

1

These charges stem from two incidents, one in August 2021 and the other in March 2020. All charges were originally brought in state court but dismissed before the Government filed federal charges.

The Court briefly describes both incidents and the charges that followed. The parties do not dispute the facts of the incidents for purposes of this Motion.

### A. March 2020 Incident

On March 16, 2020, police officers responded to a call reporting a man chasing a woman with a gun. [ECF No. 1, PageID.3]. Officers arrived at the reported location and came upon Moss, who matched the description of the man in the report. According to the complaint, once Moss noticed the police officers, he gripped the front of his waistband. When officers told him to stop, Moss responded, "I'm running." [Id., PageID.5].

Moss ran but officers quickly subdued him. The arresting officers recovered a firearm that fell from Moss's waistband and a green pill bottle that contained 21 baggies of crack cocaine. [Id.]. The state charged Moss as a felon in possession of a firearm and with possession with intent to distribute a controlled substance. He was released on bond while these charges were pending.

On August 11, 2020, Judge Roberta C. Archer dismissed the charges without prejudice due to an illegal search and other evidentiary issues.

### B. August 2021 Incident

On August 22, 2021, Moss bashed the windshield of his ex-girlfriend's car with a crowbar. A camera caught the incident. Later that day, after sending threating voicemails to his ex-girlfriend, Moss went to her home and fired shots outside her apartment. Moss shot straight into the air. [ECF No.31, PageID.156,157]. Following the shooting, police investigated the crime scene and recovered two shell casings.

On August 25, 2021, police executed a search warrant on Moss's residence. [ECF No.1, PageID.6]. They found the handgun which preliminarily matched the shell casings left at the August 22 shooting scene. Officers arrested Moss and charged him in state court as a felon in possession of a firearm and ammunition. On December 3, 2021, the court dismissed the charges.

### C. Federal Charges and Detention Hearing

After the state court dismissed all charges relating to both incidents, the Government indicted Moss in federal court. On February 10, 2022, officers arrested Moss without incident [ECF No.1]. Pretrial services prepared a written bail report recommending detention, citing that Moss was

a flight risk and danger to the community. The report also included Moss's criminal history, which dates back to 1998. His crimes range in severity and include probation violations, assault, breaking and entering, and multiple counts of domestic violence.

On February 14, 2022, Magistrate Judge Patti held a detention hearing. After reviewing the pretrial services report and hearing the parties' arguments, Magistrate Judge Patti ordered that Moss be detained until trial. He found that Moss was a danger to the community and that no combination of conditions would reasonably ensure the safety of the community and his appearance at trial. [ECF No. 33, PageID.230].

Magistrate Judge Patti lists the following reasons for the detention order:

1. Moss does not have an acceptable third-party custodian;
2. He has been found with drugs and guns while on bond;
3. He has poorly controlled mental health issues;
4. He has a significant history of domestic assault;
5. He ran from the police in a March 2020 incident where he was found with a gun and distribution quantities of crack cocaine;
6. He smashed the windshield of the occupied car of his ex-girlfriend with a crowbar and then brandished a gun that same day in an August 2021 incident while he was on bond for charges pending in Ohio;
7. He has active warrants for failure to appear in two Ohio cases;
8. He has a criminal history involving drugs, guns, assaultive behavior, and poor performance while incarcerated; and
9. Pretrial Services recommends detention. [ECF No. 11, PageID.21].

In the detention order, Judge Patti identified the following factors by checkmark as reasons for detention: the weight of evidence against Moss as to dangerousness is substantial; he is subject to a lengthy period of

4

incarceration if convicted; his prior criminal history; his participation in illegal activity while on probation, parole or supervision; his history of violence or use of weapons; his history of alcohol or substance abuse; his lack of employment; and his prior failure to appear in court as ordered [ECF No. 11, PageID.22].

Moss filed a motion to revoke Judge Patti's detention order on August 31, 2022. The Government responded and Moss did not file a reply.

### III. Standard of Review

This Court reviews a defendant's appeal of a detention order *de novo. United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). In reviewing the appeal, this Court has great latitude in deciding whether to conduct a new hearing or review transcripts of the proceedings conducted before the Magistrate Judge. *United States v. Cureton*, No. 12-20287, 2013 WL 4496276, at *1 (E.D. Mich. Aug. 21, 2013)." For its *de novo* review, this Court considers the exhibits, testimony, and proffers introduced at the detention hearings.

Pretrial detention is governed by the Bail Reform Act. 18 U.S.C. § 3142(e). The Act sets out the "default rule of the law": a person charged with an offense should be released pending trial. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). To apply this default rule and release a defendant,

5

the court must be reasonably assured that he will appear at the next court date and will not pose a danger to others. *United States v. Tawfik*, 852 F. App'x 965 (6th Cir. 2021). A detention order is proper, if after a hearing the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community" 18 U.S.C. § 3142(e).

Additionally, some charges carry a rebuttable presumption in favor of detention. *See Stone*, 608 F.3d 939, 945 (6th Cir. 2010). In these cases, if the charge is supported by probable cause, the defendant must come forward with evidence that he does not pose a danger to the community and is not a risk of flight. *Id.* The defendant's burden of production is not heavy in these cases, but he must introduce at least "some evidence." *Id.* Even if a defendant satisfies this production burden, the presumption favoring detention does not disappear entirely and remains a factor to be considered among those weighed. *Id.*

IV. **ANALYSIS**

Moss is charged with possession with intent to distribute cocaine base. This charge does carry a rebuttable presumption in favor of detention if supported by probable cause. Accordingly, the Court addresses the

rebuttable presumption before analyzing the merits of Moss's motion under the factors set out in the Bail Reform Act.

### A. Rebuttable Presumption in Favor of Detention

The indictment alone is sufficient to support a finding of probable cause triggering the rebuttable presumption. *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). Furthermore, the facts associated with the arrest demonstrate probable cause. On March 16, 2020, after fleeing from officers, Moss was found with a small pill bottle containing 21 small individually wrapped baggies of crack cocaine.

To rebut the presumption of detention accompanying this charge, Moss must offer evidence that supports release. During the detention hearing, Moss argued that the Government overstated his dangerousness and that he is not a risk to the community. [ECF No. 33, PageID.203]. He said that, although his convictions are numerous, most are not serious. [Id., PageID.204]. Moss also argued that he complied with officers during his February 2022 arrest and offers this as evidence that he is not a flight risk.

Moss successfully rebuts the presumption in favor of detention. This Court considers the rebutted presumption as a factor among those weighed.

### B. The 18 U.S.C. § 3142 (g) Factors

Moss says pretrial detention is unnecessary and proposes conditions for his release that will ensure the safety of the community and his appearance at trial. Moss suggests that he be: (1) subject to a curfew/house arrest; (2) released into the custody of his wife and reside at her house; and (3) permitted to leave for medical treatments/ employment. Moss also suggests the Court order him to resolve his outstanding warrants in Ohio as a condition of bond. [ECF No. 30, PageID.147]. Finally, Moss indicates that the § 3142 factors weigh in favor of his release. [Id.]

The Government argues that Moss is a dangerous criminal, and no combination of conditions—including those suggested by Moss— will ensure the safety of the community and his appearance at trial. [ECF No.31, Page 149-50]. The Government also suggests that the § 3142 factors weigh in favor of detention.

The factors the Court must consider in determining whether to release a defendant pending trial are outlined in 18 U.S.C. § 3142(g). They include "the nature and circumstances of the offense charged, the weight of the evidence [of dangerousness] against the person, the history and characteristics of the person, and the nature and seriousness of the danger

8

posed by the person's release." *United States v. Hoskins*, 181 F.3d 105 (6th Cir. 1999).

The factors weigh strongly in favor of Moss's continued detention.

First, the nature of Moss's charged offenses are serious. Moss faces felon in possession charges and possession with intent to distribute drugs. He faces significant prison time if convicted.

The circumstances of the offenses are also troubling. Each offense involved a firearm or ammunition. Based on his numerous felony convictions, Moss is prohibited from possessing either. This did not stop him. Moss is willing to possess and use firearms despite being a prohibited person. And, as discharging live rounds into the air demonstrates, Moss has little concern for the safety of others.

Next, as Magistrate Judge Patti found, there is extensive evidence of Moss's dangerousness, especially towards women. He has a long criminal history, with convictions involving assault and domestic violence. These started in 1998 with an assault conviction. While incarcerated for the assault, Moss received 43 misconduct violations. [ECF No. 33, PageID.191]. Once released, he continued to commit assaults and violent crimes. Moss's criminal history demonstrates his dangerousness and his disregard for the safety of others.

The Court agrees that not all of Moss's crimes are serious; however, many are assaultive or violent in nature and weigh in favor of detention.

Moss's history and characteristics—including his prior criminal history; his history of violence and use of weapons; his history of domestic violence; and his prior failure to comply with conditions of release—also weigh in favor of detention. The Court finds Moss's attempt to flee before his March 2020 arrest, his initial non-compliance during the August 2021 warrant search, and his numerous probation and bond violations especially telling. Over years of criminal activity, Moss demonstrates an aversion to compliance with law enforcement.

Finally, the Court finds that Moss presents a serious danger to the public, as the discussion above indicates.

Moss's wife, a victim of his domestic violence, would not be a proper third-party custodian. Furthermore, this Court does not consider any of the conditions Moss proposes adequate to reasonably assure the safety of the community.

## V. CONCLUSION

The Court **DENIES** Moss's motion to revoke Magistrate Judge Patti's detention order. [ECF No. 22].

**IT IS ORDERED**.

                                                     s/ Victoria A. Roberts
                                                     Victoria A. Roberts
                                                     United States District Judge

Dated: October 19, 2022