UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,
v.                                          Case No. 22-20086
                                                           Honorable Victoria A. Roberts
KENNETH MOSS, JR.,                          Honorable Anthony P. Patti

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE FROM SEARCH OF 19XXX MARX [ECF NO. 21]

### I.  INTRODUCTION

This case stems from the execution of a search warrant on 19XXX MarX. There are two issues before the Court: (1) whether there was probable cause to support the warrant issued to search 19XXX MarX; and (2) if the Court does not find probable cause, whether the *Leon* good-faith exception applies.

The affiant provides sufficient information that establishes probable cause to search 19XXX MarX. Further, the *Leon* good-faith exception applies because the warrant provides a minimally sufficient nexus that a reasonably well-trained officer could rely on.

Accordingly, the Court **DENIES** Moss's motion to suppress.

1

## II.    BACKGROUND

On August 23, 2021, at 12:20 am, officers responded to a call from Kenneth Moss's ex-girlfriend. According to the affidavit, she told officers that Kenneth Moss fired shots outside her apartment a few hours earlier. She also told detectives that Moss lived at 19XXX MarX. Following her formal statement, officers went to Moss's address and conducted surveillance. On August 25, 2021, officers saw Moss leave the residence and arrested him for assault.

Following the arrest, officers conducted an internal records search and found that Moss was involved in an incident earlier that year. On June 20, 2021, Moss called the police to report a woman who came to his home and threatened to damage his windows. Bodycam footage from that incident shows Moss confirming that the 19XXX MarX address is his home. Based on this information, the affiant believed Moss lived at the residence and that the handgun and other evidence related to the assault would be located in the home. Magistrate Judge Laura A. Echartea approved the warrant for the requested items. Police executed the search and recovered the firearm.

Moss says that the affiant fails to establish a connection between the residence searched and the item sought. The Government says the affiant

provided enough information to establish probable cause, and if not, the *Leon* good-faith exception applies.

### III.   ANALYSIS

In reviewing a warrant application for probable cause, the Court must limit its review to the four corners of the affidavit and: (1) "'read the affidavit reasonably ... holistically, examining the totality of the circumstances and employing a healthy dose of common sense"; and (2) "consider both the facts outlined in the affidavit and the reasonable inferences permissibly drawn from those facts." *United States v. McCoy*, 905 F.3d 409, 416 (6th Cir. 2018) (citation omitted). The Court must accord a magistrate's determination of probable cause "great deference," reversing it only if the magistrate exercised discretion arbitrarily. *United States v. Coffee*, 434 F.3d 887, 892 (6th Cir. 2006).

To conclude that an affidavit establishes probable cause, the issuing judge must find that "given all the circumstances set forth in the affidavit ... there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Berry*, 565 F.3d 332, 338 (6th Cir. 2009). A fair probability requires only "reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion." *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990).

Stated differently, the affidavit need only suggest "that there is reasonable cause to believe that the specific things to be searched for and seized are located on the property to which entry is sought and not merely 'that the owner of the property is suspected of a crime.'" *United States v. McPhearson,* 469 F.3d 518, 524 (6th Cir. 2006).

### A. The Warrant is Supported by Probable Cause

Moss says there was no probable cause to issue the warrant. He argues the warrant did not provide the magistrate judge with particularized evidence that any firearm—let alone the firearm that officers could match to shell casings—would be located at the residence. He claims that officers searched his home merely because he was suspected of committing a crime, which is not enough to pass constitutional muster.

The Government disagrees. It says officers did not search Moss's home merely because he was suspected of a crime. It says the affiant provided enough information for Magistrate Judge Echartea to infer the kind of firearm sought and that it might be located in Moss's home. The Government claims that there is a nexus between the handgun used in the crime and Moss's residence because firearms are usually stored at homes. And in this case, only 61 hours elapsed between the assault and the search, increasing the likelihood that it would be at Moss's home.

The Government's argument is persuasive. The affiant does not rely on Moss's suspected involvement in a crime to support searching his home. Instead, the affiant provides facts upon which the magistrate judge could have found probable cause to search Moss's home. According to the affidavit, Moss's ex-girlfriend identified him as the shooter and provided his home address. She said he fired a handgun, and she saw him with the handgun in her driveway. Officers also recovered two .40 caliber casings from the ex-girlfriend's home. Officers then searched police records and verified that Moss lived at that address. This is enough to establish a nexus.

Based on these facts, Magistrate Judge Echartea could have reasonably inferred that Moss was the shooter and he owned or had possession of the handgun. This circuit holds that individuals who own guns likely keep them in their homes. *United States v. Smith*, 182 F.3d 473, 480 (6th Cir. 1999). Further, "a suspect's use of a gun in the commission of a crime is sufficient to find a nexus between the gun that was used and the suspect's residence." *Peffer v. Stephens*, 880 F.3d 256, 271 (6th Cir. 2018).

Moss is correct in stating that the affidavit does not provide an abundance of specific details. However, under the totality of circumstances and caselaw in this circuit, the magistrate could have reasonably inferred

5

that Moss kept the handgun in his residence. Moreover, this Court should only overturn Magistrate Judge Echartea's decision if she exercised her discretion arbitrarily. That is not the case here. Instead, the facts present a situation that more closely resembles a close call. In such cases, the Court should defer to the Magistrate's decision. *United States v. Ventresca*, 380 U.S. 102, 108–09, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965).

### B. The Leon Good-Faith Exception Applies

Even if the warrant fell short of establishing a basis for probable cause, the *Leon* good-faith exception applies. Following *Leon*, courts presented with a motion to suppress regarding a lack of probable cause must ask "whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's decision." *United States v. White*, 874 F.3d 490, 496 (6th Cir. 2017). The court need only find "a minimally sufficient nexus between the illegal activity and the place to be searched to support an officer's good-faith belief in the warrant's validity." *United States v. Carpenter*, 360 F.3d 591, 596 (6th Cir. 2004). Here, the affidavit provides enough information to establish a minimally sufficient nexus between the handgun and Moss's home.

## IV. CONCLUSION

The Court **DENIES** Moss's Motion to suppress evidence from the search of 19XXX MarX [ECF No. 21].

**IT IS ORDERED**.

                                                    s/ Victoria A. Roberts
                                                    Victoria A. Roberts
                                                    United States District Judge

Dated: November 4, 2022